UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-02497-RGK | Date | May 6, 2025 |
|---|---|---|---|
| Title | *Kaira Imari Hatten v. New Direction Solutions, LLC* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: Plaintiff's Motion to Remand [DE 20]

## I. INTRODUCTION

On February 11, 2025, Kaira Imari Hatten ("Plaintiff") filed a putative class action Complaint in state court against her former employer, New Direction Solutions, LLC ("Defendant"). (ECF No. 1-1.) In the Complaint, Plaintiff alleges various violations of the California Labor Code, including: (1) failure to pay wages for all hours worked; (2) failure to pay overtime; (3) failure to provide meal periods; (4) failure to provide rest periods; (5) failure to indemnify for employment-related expenditures; (6) failure to provide complete and accurate wage statements; and (7) failure to timely pay all earned wages upon termination of employment. Plaintiff also asserts an eighth claim for unfair competition under California Business and Professions Code § 17200. On March 20, 2025, Defendant removed the case to federal court based on the Class Action Fairness Act ("CAFA"). (ECF No. 1.)

Presently before the Court is Plaintiff's Motion to Remand. (ECF No. 20.) For the following reasons, the Court **DENIES** the Motion.

## II. JUDICIAL STANDARD

28 U.S.C. § 1441(a) authorizes defendants to remove a case to federal court when the federal court would have had original jurisdiction over the case. CAFA vests district courts with original jurisdiction over putative class actions where (1) the amount in controversy exceeds $5 million, (2) the class members number at least 100, and (3) at least one plaintiff is diverse from any one defendant. 28 U.S.C. § 1332(d)(2)–(5). The defendant always bears the burden of establishing that removal is proper and establishing the jurisdictional facts by a preponderance of the evidence. *Gaus v. Miles*, 980 F.2d 564, 566–67 (9th Cir. 1992). But although a presumption against federal jurisdiction exists in run-of-the-mill diversity cases, "no antiremoval presumption attends cases invoking CAFA." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-02497-RGK | Date | May 6, 2025 |
|---|---|---|---|
| Title | *Kaira Imari Hatten v. New Direction Solutions, LLC* | | |

    The defendant's notice of removal need include only "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 89. However, when a plaintiff challenges the defendant's assertion of the amount in controversy, evidence establishing the amount is required. *Id.* "When a plaintiff mounts a factual attack, the burden is on the defendant to show, by a preponderance of the evidence, that the amount in controversy exceeds the $5 million jurisdictional threshold." *Harris v. KM Indus., Inc.*, 980 F.3d 694, 699 (9th Cir. 2020). "Along with the complaint, [courts] consider allegations in the removal petition, as well as 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 793 (9th Cir. 2018) (quoting *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005)). When the plaintiff disputes that the amount in controversy is satisfied, "[c]onclusory allegations as to the amount in controversy are insufficient" to satisfy the removing party's burden of proof. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090–91 (9th Cir. 2003). "[A] defendant cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions." *Ibarra v. Manheim Inv., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015). A defendant must "persuade the court that the estimate of damages in controversy is a reasonable one." *Id.*

### III. DISCUSSION

    Plaintiff asserts the Court lacks subject matter jurisdiction under CAFA because Defendant has failed to satisfy its burden of proving that the amount in controversy exceeds $5 million.[1] In its Notice of Removal, Defendant claims Plaintiff's seventh claim for failure to timely pay all earned wages upon termination of employment, commonly referred to as a claim for waiting time penalties, alone puts $7,837,956 in controversy. In arriving to that number, Defendant assumed: (1) that all putative class members who were terminated from their employment during the alleged class period are entitled to waiting time penalties, and (2) that those putative class members are entitled to the maximum penalty available under California Labor Code § 203, which is 30 days of their regular pay. Defendant also estimated the number of employees who were terminated during the alleged class period, their hourly rates, and the average shift length for its employees. Plaintiff provides three arguments for why the CAFA amount in controversy is not met. The Court addresses each argument in turn.

    First, Plaintiff argues Defendant's estimates regarding average shift length, average hourly rates, and the number of employees who were terminated during the alleged class period are not supported. In its Opposition, however, Defendant does away with its estimates and submits a declaration from its Senior Vice President, Stephanie Morris. Morris' declaration indicates that she reviewed human resources documents and determined that:

---

[1] The parties do not dispute that the other jurisdictional requirements under CAFA are satisfied.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-02497-RGK | Date | May 6, 2025 |
|---|---|---|---|
| Title | *Kaira Imari Hatten v. New Direction Solutions, LLC* | | |

(1) 1,211 employees who worked for Defendant during the alleged class period were terminated from their employment;

(2) The average hourly rate of pay for these employees was $33.55; and

(3) Defendant's employees' shifts are generally at least six hours long.

(Morris Decl. ¶¶ 6, 8, ECF No. 25-1.)

Based on these figures, Defendant revises its amount in controversy calculation for Plaintiff's waiting time claim to $7,313,229.[2] Plaintiff's argument that Defendant's estimates are unsupported fails considering Morris' declaration.

Second, Plaintiff argues Defendant's calculation is based on unsupported assumptions. As noted above, Defendant assumed in its Notice of Removal that: (1) all putative class members who were terminated from their employment during the alleged class period are entitled to waiting time penalties, and (2) all those class members are entitled to the maximum penalty available under California Labor Code § 203, 30 days of their regular pay. In its Opposition, Defendant sticks with those assumptions, and argues they are reasonable. The Court agrees with Defendant.

Defendant's assumption that all putative class members who were terminated from their employment are entitled to waiting time penalties is reasonable. In California, "waiting time" penalties are available to discharged employees who are not timely paid *any* wages owed to them upon their discharge. Cal. Lab. Code § 203. Plaintiff's waiting time penalty claim is derivative of her other claims for violations of the Labor Code. (Compl. ¶ 150.) Thus, each of the 1,211 terminated employees identified by Defendant as potential class members need only have suffered *one* Labor Code violation while working for Defendant to be eligible for waiting time penalties. As such, Defendant's assumption is reasonable and consistent with Plaintiff's allegations that certain Labor Code violations occurred "on occasion" but that "Defendant[ ] maintained a policy or practice of not paying . . . all earned wages timely upon separation of employment." (*See, e.g., id.* ¶¶ 20, 160.) Indeed, Courts have routinely accepted the same assumption where the plaintiff has tied waiting-time penalties to other claims and the defendant specifically accounts only for terminated employees. *See Salonga v. Aegis Senior Cmtys., LLC*, 2022 WL 1439914, at *4 (N.D. Cal. May 6, 2022) (collecting cases).

Defendant's assumption that the terminated employees would be entitled to the maximum waiting time penalty available under the Labor Code is also reasonable. In California, an employer who fails to pay wages an employee is due upon termination may be liable for the wages of the employee until the unpaid amounts are satisfied or the employee files a lawsuit, but an employee may not receive

---

[2] To arrive at this figure, Defendant multiplied the number of employees terminated during the alleged class period (1,211) by what they would earn on average over 30 days (6-hour average shifts x average hourly rate of $33.55 x 30 days).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-02497-RGK | Date | May 6, 2025 |
|---|---|---|---|
| Title | *Kaira Imari Hatten v. New Direction Solutions, LLC* | | |

more than 30 days' worth of wages. Cal. Lab. Code § 203(a). Here, Defendant's assumption is reasonable because the amount in controversy reflects the maximum amount the plaintiff could possibly recover. *See Arias v. Residence Inn by Marriott*, 936 F.3d 920, 927 (9th Cir. 2019); *see also Jauregui v. Roadrunner Transp. Servs.*, 28 F.4th 989, 994 (9th Cir. 2022) (reasonable to assume that "vast majority (if not all)" terminated putative class members were entitled to 30 days of waiting time penalties).

Third, Plaintiff argues Defendant's employees are required to sign class action waivers and mandatory arbitration agreements and submits she was notified by Defendant that a forthcoming settlement in a different case subsumes her claims, so the amount in controversy cannot exceed $5 million. Setting aside the fact that Plaintiff appears to attack the merits of her presumably forthcoming motion for class certification and her lawsuit altogether, jurisdictional facts are assessed at the time of removal. *Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union v. Shell Oil Co.*, 602 F.3d 1087, 1091 (9th Cir. 2010). The fact that the Court may ultimately deny class certification, or compel arbitration, does not divest the Court of CAFA jurisdiction at this time. *See United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union v. Shell Oil Co.*, 602 F.3d 1087, 1091–92 (9th Cir. 2010); *Adzhikosyan v. AT&T Corp.*, 2021 WL 5982604, at * 4 (C.D. Cal. Dec. 17, 2021). Neither does a purported forthcoming settlement in a different case.

Accordingly, Plaintiff's waiting time penalty claim places $7,313,229 in controversy and satisfies the CAFA amount in controversy requirement on its own.

**IV.  CONCLUSION**

For the foregoing reasons, the Court **DENIES** the Motion.

**IT IS SO ORDERED.**

|  | : |  |
|---|---|---|
| Initials of Preparer | | JRE/aa |